JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6182 | **DATE** | 4/3/2003 |
| **CASE TITLE** | DIANE H. BYERS vs. ANTHONY PRINCIPI | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Agreed motion to voluntarily dismiss is granted. Enter Memorandum Opinion And Order. Anthony Principi's motion to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 0 4 2003 | |
| | Notified counsel by telephone. | | date docketed | 8 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| | LG  courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIANE H. BYERS, ) | |
| ) | Case No. 02 C 6182 |
| Plaintiff, ) | |
| ) | Honorable John W. Darrah |
| v. ) | |
| ) | |
| ANTHONY PRINCIPI, ) | |
| Secretary of the Department of Veterans ) | **DOCKETED** |
| Affairs, ) | |
| ) | APR 0 4 2003 |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Diane H. Byers ("Plaintiff"), filed a single-count complaint against Defendant, Anthony Principi, Secretary of the Department of Veterans Affairs ("the VA"). The VA moves, pursuant to Federal Rule of Civil Procedure, to dismiss the complaint for failure to exhaust administrative remedies. For the reasons that follow, the VA's Motion to Dismiss is granted.

## LEGAL STANDARD

When considering a motion to dismiss, the district court must review the complaint liberally, taking as true all well-pled allegations and the inferences that may be drawn from them. *See Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail



the facts upon which he bases his claim,'... he must 'set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (internal citation omitted). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the bases of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

## BACKGROUND

For purposes of this Motion to Dismiss, the following allegations are taken as true.

Plaintiff is a licensed practical nurse ("LPN"). Plaintiff, who is white, is married to an African-American.

Intermittently, from some time in 1987 until September 2000, Plaintiff worked as a LPN at the Edward Hines, Jr. V.A. Medical Center in Hines, Illinois. Plaintiff filed complaints of discrimination and retaliation, alleging that she was treated differently than white employees who were not married to African-Americans and from non-complaining employees. Specifically, in 1999, Plaintiff filed an administrative charge of discrimination based on complaints by her co-workers concerning Plaintiff's posting a photograph of her husband.

After her complaints, Plaintiff continued to be subjected to different terms and conditions of employment than white employees who were not married to African-Americans and non-complaining employees. Additionally, Plaintiff was subjected to harassment, culminating in a proposed removal from her employment.

Plaintiff appealed the proposed removal to the Merit Systems Protection Board ("MSPB"), which ordered her return to work. When Plaintiff attempted to return to work, she was subjected to further harassment and to terms and conditions different than those imposed on whites who were not

married to African-Americans and non-complaining employees. This harassment made it impossible for Plaintiff to perform her job, and she resigned.

At around the time that Plaintiff was appealing her proposed removal to the MSPB, she also filed an action in federal court, Case Number 01 C 975. Plaintiff sought to amend her complaint to include her alleged constructive discharge. However, the VA opposed such an amendment. On January 29, 2002, that court barred her constructive discharge claims from the trial.

After the January 29, 2002 ruling, on March 1, 2002, Plaintiff sought and received counseling on a new administrative complaint on that claim. Plaintiff received a right-to-sue notice on May 29, 2002.

## DISCUSSION

The VA argues that dismissal is appropriate because her discrimination claim is barred due to her failure to seek Equal Employment Office ("EEO") counseling within the forty-five-day time period for doing so. Plaintiff did not file a response to the VA's Motion to Dismiss.

Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000(e) *et seq.*, prohibits discrimination on the basis of race, color, religion, sex, or national origin. Title VII has been amended to extend its protection to federal employees. *Rennie v. Garrett*, 896 F.2d 1057, 1059 (7th Cir. 1990). Federal employees who believe that they have been discriminated against must contact an EEO counselor within forty-five days of the alleged occurrence. 29 C.F.R. § 1614.105(a)(1). This forty-five-day deadline can be extended if aggrieved individuals show that: (1) they were not notified of the time limits and were not otherwise aware of them; (2) they did not know and reasonably should not have known that the discriminatory matter or personnel action occurred; (3) despite due diligence, they were prevented by circumstances beyond their control from contacting

an EEO counselor within the allotted time; or (4) for any other reason that the agency or Equal Employment Opportunity Commission ("EEOC") deems sufficient. 29 C.F.R. § 1614.105(a)(2). The deadline in § 1614.105(a)(1) is construed as a statute of limitations. *Rennie*, 896 F.2d at 1062.

Plaintiff did not comply with § 1614.105(a)(1)'s forty-five-day deadline. In a Final Agency Decision dated May 29, 2002[1], the VA's Office of Resolution Management dismissed Plaintiff's constructive discharge claim because it found the claim to be "[un]timely with respect to EEO Counselor contact." (VA's Mot. Dismiss Ex. B ¶¶ 3, 9.) Specifically, the Office of Resolution Management found that Plaintiff resigned her position with the VA on or about August 24, 2000, and sought EEO counseling on March 1, 2002. (*Id.* ¶ 5.) The Office of Resolution Management determined that Plaintiff should have contacted an EEO counselor on or about October 8, 2000, forty-five days after she resigned on August 24, 2000. (*Id.* ¶ 7.) However, Plaintiff filed her constructive discharge claim on October 13, 2000, which was subsequently dismissed in a Final Agency Decision dated March 20, 2001. (*Id.* ¶ 7.) The Office of Resolution Management concluded that Plaintiff had not initiated EEO counselor contact within the forty-five-day time limit prescribed by § 1614.105(a)(1) and dismissed her constructive discharge claim. (*Id.* ¶ 9.) Thus, Plaintiff did not comply with the forty-five-day deadline.

Once it is determined that the plaintiff did not comply with the deadline, the plaintiff "must

---

[1] "In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment." *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000). Federal Rule of Evidence 201 provides that a court may take judicial notice of facts that are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). The Final Agency Decision dated May 29, 2002 is capable of accurate and ready determination under Rule 201(b), and the VA has provided it to the Court. Therefore, the Court takes judicial notice of the Final Agency Decision dated May 29, 2002.

be allowed to offer equitable arguments to excuse her failure to comply with the deadline." *Rennie*, 896 F.2d at 1062. Although Plaintiff was given an opportunity to file a response, she did not. Nor can it be inferred from the allegations in the complaint that Plaintiff was not notified of the time limits and was unaware of them; did not know and reasonably should not have known that the discriminatory matter or personnel action occurred; or that, despite her due diligence, she was prevented by circumstances beyond her control from contacting an EEO counselor within the allotted time. 29 C.F.R. § 1614.105(a)(2). As a result, Plaintiff has not established any facts entitling her to a tolling of the deadline under § 1614.105(a)(2). Thus, Plaintiff does not fall within an equitable exception; and her complaint is, therefore, dismissed. *McGinty v. United States Dep't of the Army*, 900 F.2d 1114, 1118 (7th Cir. 1990).

## CONCLUSION

For the reasons stated above, Anthony Principi's Motion to Dismiss is granted.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: April 8, 2003